Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Coach Services, Inc.*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH SERVICES, INC., a Maryland Corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>DQ SUNGLASSES CORP., a California Corporation; WU LI, an individual; and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO. **2:10-cv-03819-JHN-SHx**<br><br>**ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

Plaintiff Coach Services, Inc. ("Coach") and Defendants **DQ Sunglasses** and **Wu Li** ("Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks"). Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" Mark (see below). Coach has used the Signature "C" Mark in

association with the sale of goods since as early as 2001.  The Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002. Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg. Nos. 2,626,565; 2,822,318; 2,832,589; and 3,695,290



3.      Plaintiff has alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products bearing  a mark/design pattern substantially indistinguishable and confusingly similar to Coach's Signature "C" Mark ("Infringing Mark" – see below) constitute trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.



4.      Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from:

(a)      Manufacturing, producing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products bearing the Infringing Mark and/or marks/designs identical, and/or confusingly similar to the Signature "C" Mark;

(b)     Using any of Coach's trademarks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

(c)     Committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine Coach products unless they are such;

(d)     Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products bearing the Infringing Mark or items falsely bearing the Signature "C" Mark, or any reproduction, counterfeit, copy or colorable imitation thereof;

(e)     Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

(f)     Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in (a) to (d) above.

5.     Defendants shall, if they have not already done so, file a Notice of Abandonment of their application to register the Infringing Mark (U.S. Serial No. 85,061,518) with the United States Patent and Trademark Office.

6.     Defendants are jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00) in connection with the claims alleged in Plaintiff's Complaint.

7.     All parties shall bear their own attorneys' fees and costs associated with this action.

8.     The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

/ / /

/ / /

/ / /

/ / /

**[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL**

1    9.    The jurisdiction of this Court is retained for the purpose of making any

2  further orders necessary or proper for the construction or modification of this Final

3  Judgment, the enforcement thereof and the punishment of any violations thereof.

4  Except as otherwise provided herein, this action is fully resolved with prejudice.

5

6  **IT IS SO ORDERED.**

7

8  DATED:  May 23, 2011                    _____

9                                          Hon. Jacqueline H. Nguyen
                                           **United States District Judge**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL**